UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBRA DORSEY,<br>        Plaintiff,<br><br>        v.<br><br>JOEL BARRERA,<br>        Defendant. | )<br>)<br>)<br>)    C.A. No. 11-10553-NMG<br>)<br>)<br>) |

MEMORANDUM AND ORDER FOR DISMISSAL

GORTON, D.J.

On March 30, 2011, Plaintiff Arbra Dorsey ("Dorsey") filed the instant action alleging violations of his civil rights stemming from an incident involving his involuntary hospitalization/commitment. On April 27, 2011, this Court issued a Memorandum and Order (Docket No. 3) directing Dorsey to demonstrate good cause why this action should not be dismissed for the various reasons set forth therein, and to file an Amended Complaint curing the pleading deficiencies. Thereafter, Dorsey filed a Motion for an extension of time (Docket No. 4), which this Court allowed by Electronic Order on May 26, 2011, directing that any response be filed by July 5, 2011.

On June 29, 2011, Dorsey filed a 104-page Amended Complaint (including exhibits) (Docket No. 5). On June 30, 2011, Dorsey filed a Letter (Docket No. 6) stating: "Requesting to pay for me the Case Amended Complaint." Apart from these two pleadings, no separate Show Cause Response was filed as directed within the time period permitted.

DISCUSSION

I.      The Letter Requesting to Pay

The request that Dorsey seeks in his Letter (Docket No. 6) is unclear. The Court cannot determine whether the skeletal statement "to pay for me the Case Amended Complaint" means that Dorsey seeks to pay the filing fee in order to file his Amended Complaint, or whether the statement was meant to be a request to waive the filing fee for his filing of an Amended

Complaint. Additionally, it is unclear whether Dorsey's Letter simply was meant to be a general request for a monetary judgment in his favor.

In any event, Dorsey has already been granted leave to proceed *in forma pauperis*, and has been directed to file an Amended Complaint. See Memorandum and Order (Docket No. 3). Thus, to the extent his Letter relates in any fashion to his filing fee obligations, the matter is moot, and any request for relief with respect to the filing fee is hereby DENIED. To the extent Dorsey seeks a judgment in his favor, the request is DENIED, no good cause having been shown to grant such relief.

II.     The Amended Complaint is Deficient

As noted above, Dorsey failed to file a separate Show Cause Response as directed; however, the Amended Complaint contains argument, and therefore this Court will consider the Amended Complaint as incorporating Dorsey's Show Cause Response.

Nevertheless, a review of the Amended Complaint reveals that, like the original Complaint, it is legally deficient. Dorsey again fails to set forth plausible claims against the named Defendant, Joel Barrera, as he does not provide any details as to who Defendant Barrera is or what unlawful actions were taken that allegedly violated Dorsey's constitutional rights. In general, the Amended Complaint reiterates the claims raised in the original; but Dorsey fails to address the specific legal impediments outlined in the prior Memorandum and Order, such as the failure to state plausible claims under 42 U.S.C. §§ 1981 and 1983, and the sovereign immunity of MassHealth.

The Court credits that Dorsey has made a good faith attempt to comply with its directives regarding pleading his claims pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure. Several pages of the Amended Complaint have headings stating "Rule 10. Form of Pleadings," while other pages have headings stating "Rule 8." Despite this, however, Dorsey fails to comply in substance with these rules. For instance, on page two of his Amended

Complaint, Dorsey names seven additional Defendants, identified as follows: Physician Paul L. Hart; John Sheridan EMT; Sgt. Harris Sudbury P.D.; Catherine Horowitz, M.D.; Dr. William D. Savanin; Nurse at ER station 3-16-10; Psych Evaluation Services Dept. Unknown.  See Docket No. 5 at 2.  Under the Rule 10 headings, Dorsey names each of these Defendants in turn (except the nurse) and lists in numbered form what are, at best, conclusory allegations against them, without providing underlying facts (*e.g.* he states: "1. Breach of duty owed to patient ... 4. Failer (sic) to inform").  Id. at 3.  At other times, Dorsey makes incoherent statements -- the relevance of which are unclear, --  other than perhaps to imply that there was a conspiracy to involuntarily commit him and draw his blood, and to assert a subsequent cover-up (*e.g.* he states:  "2. The authorizing of the name, 3. In question of the Dr. Paul L. Hart from The Free Clinic ... 5. Being plausible ... deceptive impression," and "9. Addmitting (sic) physician name is not on the report.").  Id. at 3, 7.

Additionally, under the Rule 8 headings in his Amended Complaint, Dorsey makes only general claims about the laws applicable to his case.  He states: "[t]he grounds for the court's jurisdiction give me to the XIV Amendment ... Nor shall any state deprive any person of life, liberty, or property without due process of law," and "This gives the patient his 5th Amendment as well."  Id. at 10, 11.  He also states: "[p]leader is entitled to relief from so many laws overlooked with the main corse (sic) to all the invading, 'to enter by force:' of one person's rights, by so many."  Id. at 12.  He does not set forth facts to support any assertions for these causes of action.  Additionally, in what seems to be an effort to claim that the hospital employees are state actors (to remedy the legal deficiency in his 42 U.S.C. § 1983 claim), Dorsey merely asserts, "[t]he Gov. gives psychiatric patients to the V.A. or private hospitals.  The action has no other place to go.  This is the state level."  Id. at 11.

Next, in the Exhibits attached to his Amended Complaint (Docket No. 5-1), in addition to the 5th and 14th Amendments, Dorsey also mentions the 3rd, 9th, and 13th Amendments, as well

as Mass. Gen. Laws ch. 123, § 22, "Civil Rights Acts 31.1, State Civil Rights Act 1979," and the Sherman Anti-Trust Act as sources of law applicable to his case.[1] He also submitted a more detailed, repetitive narrative including general statements about the law.[2] The additional details provided in this narrative, however, do not remedy the specific legal impediments outlined in the prior Memorandum and Order. While Dorsey provides more details about the alleged events of the evening of March 16, 2010 (*i.e.*, various statements made, where they put his clothes when he undressed, and a description of the multiple attempts of the staff to draw blood), he still fails to show good cause with respect to the named Defendant (Barrera), and fails to set forth plausible federal claims with respect to any of the other purported Defendants identified in the Amended Complaint.

Further, Dorsey's Exhibits are peppered with general statements about how he believes the Defendants broke the law. He asserts: "I have the right as a patient to be informed" (id. at 82), and:

> The patient was never told what is going on. At the Clinic. The ER Room. This convincing [to allow medical staff to draw his blood] violates my rights. To overcome by argument. To conquer - to over, by force: To prove guilty - The XIII Amendment no crime. To gain or acquire by force. To subdue or over by mental silence. To be confronted with the witnesses against him. No name defendants. This convincing started some time ago. Way before the clinic. Why the blood...?"

Id. at 54.

Next, throughout the Exhibits, Dorsey repeatedly claims that he asked to see an attorney

---

[1]Dorsey also included copies of his medical bills, a police report, an emergency department report, and his discharge summary, on which he wrote questions like "[w]ho are these names?" (Docket 5-1 at 40) and "[w]hat about this cover up?" Id. at 82.

[2]These are divided into sections with titles including "? Happen[,]" "The Duty Owed the Patient[,]" and "Physician: Paul Hart L. The conversation from the brief examination, failed to inform patient of the temporary involuntary hospitalization of section 12(a)/12(b)[,]" and "Battery by Sgt. Harris Sudbury[.]"

numerous times but was not provided with one; he asserts this lack of counsel does not comply with the provisions of Mass. Gen. Laws ch. 123, § 22.  Finally, in essentially incoherent prose, Dorsey gives definitions for, and talks about consent, criminal law, and malpractice.  Docket 5-1 at 68-77.

Without belaboring the matter further, this Court finds the Amended Complaint (with the incorporated show cause response and Exhibits) to be insufficient to meet the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure with respect to both the originally named Defendant, and any other additional Defendants referenced in these pleadings.  It would be immensely unfair for any of these purported Defendants to have to peruse the Amended Complaint in its present form in order to determine both the factual bases of the federal claims against them, and the legal cause of action asserted as the grounds for liability.  At best, the most this Court could reasonably infer is that Dorsey may have asserted some state law claims based on violations of Massachusetts state law with respect to informed consent, involuntary commitment, negligence, medical malpractice, infliction of emotional distress, assault, battery, or other state claims of this ilk; however, as pled, he has not set forth any of his state claims in accordance with Rules 8 and 10.  Moreover, even if he had asserted cognizable state claims, absent a *bona fide* federal claim forming the basis for this Court's federal question jurisdiction under 28 U.S.C. § 1331, this Court declines to exercise supplemental jurisdiction over such claims.

With respect to any federal civil rights claim, as pled, this Court cannot infer that the medical Defendants responsible for drawing blood allegedly without Dorsey's consent were state actors, and thus no plausible federal claims are set forth.  Even if this Court were to take the leap and infer that Dorsey presented a substantive due process claim under 42 U.S.C. § 1983 against state actors based on the lack of consent to draw blood (an unreasonable intrusion into his body), he still has not set forth the claims in accordance with Rules 8 and 10 against the specific

medical personnel who were directly involved in the process.

At this juncture, the Court finds no good cause to permit Dorsey further opportunities to amend his pleadings to state plausible claims, as further opportunities are likely to be futile and waste the scarce judicial resources of this Court.

Accordingly, for the failure to comply with the directives of this Court, and for the reasons set forth in this Memorandum and Order and the prior Memorandum and Order (Docket No. 3), it is hereby Ordered that this action is <u>DISMISSED</u> in its entirety. This Court declines to exercise supplemental jurisdiction over any state-law claims asserted by Dorsey, and, to the extent there are any, the state claims are <u>DISMISSED</u> without prejudice.

## <u>CONCLUSION</u>

1. Plaintiff's Letter/Request for relief (Docket No. 6) is <u>DENIED</u>; and

2. This action is <u>DISMISSED</u> in its entirety.


SO ORDERED.

<u>/s/ Nathaniel M. Gorton</u>
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: August 15, 2011